IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>      v.<br><br>MIGUEL NOLASCO-DE-JESUS,<br>aka "Miguel Nolasco de Jesús",<br><br>Defendant. | CRIMINAL NO. 10-105(FAB) |

**REPORT AND RECOMMENDATION**

Defendant Miguel Nolasco-De Jesús was charged in a One Count Information and he has agreed to plead guilty to the only count in the Information under a straight plea. Count One charges that, on or about February 8, 2010, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, an alien who had previously been deported, was found in the United States, without having obtained, prior to his reembarkation, the express consent from the Attorney General of the United States, or his successor, the Secretary of Homeland Security, acting through the Under Secretary for Border and Transportation Security, pursuant to Title 6, United States Code, Sections 202(3), 202(4) and 557, to reapply for admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

Defendant appeared before this Magistrate Judge on April 9, 2010, since the Rule 11 hearing was referred by the court. Defendant was provided with the Waiver of Right to Trial by Jury which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to the only count of the Information under a straight plea, upon being advised of his right to have said

United States v. Miguel Nolasco de Jesús
Criminal No. 10-105 (FAB)
Report and Recommendation
Page No. 2

proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One of the Information, he was examined and verified as being correct that: he had consulted with his counsel, Attorney Carmen C. Rodríguez from the Federal Public Defender's Office, prior to the hearing for the plea, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the Waiver of Indictment, the content of the Information and charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Rodríguez-Morales, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offense as to which he was pleading guilty. The maximum penalty for the offense charged in Count One of the Information is a term of imprisonment of not more than two (2) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), and a term of supervised release of not more than one (1) year, in addition to the term of incarceration. In addition, a mandatory penalty assessment of one hundred dollars ($100.00), per count, is to be imposed.

Insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the

sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

Defendant was specifically informed that any sentencing calculations he could have discussed with his counsel were not binding for the sentencing court, but were only estimates of possible terms of his sentence, which could always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof of the pre-sentence report that the court would have before it at the time of imposition of the sentence. The government, defendant, and his counsel also expressed they are aware the Sentencing Guidelines are no longer mandatory and are thus, considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offense charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant indicted they did not agree with the government's version of fact and clarified defendant was admitting only the facts contained in the Information. In addition, counsel explained that the reason why defendant decided not to sign the proposed Standard Fast Track Plea Agreement is the fact that he was not admitting the government's version of facts included in the proposed plea agreement. As such, defendant decided to enter a straight plea to the facts contained in the Information.

United States v. Miguel Nolasco de Jesús
Criminal No. 10-105 (FAB)
Report and Recommendation
Page No. 5

Defendant acknowledges that, since he is an alien, entering into this plea could have a negative effect upon his immigration status with the United States.

Having once more ascertained that defendant indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the applicable Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.[2]

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within ten (10) days of judgment being entered in the case.

Defendant was read in open court and shown the Information, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One of the Information was what he had done and to which he was pleading guilty during these proceedings under a straight plea. Thereupon,

---

[2] Defense counsel indicated her client will be waiving the pre-sentence investigation report and will request an expedited sentencing. Defense counsel was informed the request should be made in writing to the presiding District Judge.

United States v. Miguel Nolasco de Jesús
Criminal No. 10-105 (FAB)
Report and Recommendation
Page No. 6

defendant indicated he was pleading guilty to Count One of the Information in Criminal No. 10-105 (FAB) under a straight plea.

This Magistrate Judge after having explained to defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty under a straight plea, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Information in Criminal No. 10-105 (FAB).

**IT IS SO RECOMMENDED.**

The sentence will be set promptly, before Honorable Francisco A. Besosa, District Court Judge.

San Juan, Puerto Rico, this 9th day of April of 2010.

                                            s/ CAMILLE L. VELEZ-RIVE
                                            CAMILLE L. VELEZ-RIVE
                                            UNITED STATES MAGISTRATE JUDGE